IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
MAY - 6 2013

Richard Wayne Sears, )
    Petitioner, )
     )
v. ) 1:12cv942 (AJT/IDD)
     )
Jeffrey Dillman, )
    Respondent. )

MEMORANDUM OPINION

Richard Wayne Sears, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of robbery and other offenses in the Circuit Court of the City of Alexandria. By Order dated August 28, 2012, petitioner was directed to provide clear evidence that his claims had been exhausted in the state forum, and to show cause why the petition should not be dismissed as time-barred. In addition, petitioner's motion to proceed in forma pauperis was conditionally granted, and his correctional institution was requested to provide an Inmate Account Report Form. When received, the financial information revealed that petitioner did not qualify to proceed in forma pauperis, and the petition was dismissed without prejudice by Order dated September 13, 2012. Petitioner subsequently paid the statutory filing fee, the petition was reopened, and respondent was directed to show cause why the writ should not be granted. On February 7, 2013, respondent filed a Rule 5 Answer and Motion to Dismiss, with a supporting memorandum of law and exhibits. Respondent provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and petitioner has filed a Reply with a supporting brief and exhibits, as well as an Affidavit with additional exhibits. For

the following reasons, the Motion to Dismiss will be granted, and the petition will be dismissed with prejudice as time-barred.

## I. Background

On April 17, 2008, following a jury trial, petitioner was convicted of robbery, wearing a mask in public, and use of a firearm in the commission of a felony. Petitioner was sentenced to serve eight years and five days in prison, followed by two years of post-release supervision. Circuit Court of the City of Alexandria, Case Nos. CF07000479, CF08001098. The convictions were affirmed in an unpublished opinion entered July 14, 2009. Sears v. Commonwealth, R. No. 1192-08-4 (Va. Ct. App. Jul. 15, 2009); Resp. Ex. C. No further appeal to the Supreme Court of Virginia was filed.

On October 5, 2011, petitioner filed a motion for a delayed appeal in the Supreme Court of Virginia. The motion was denied on November 22, 2011.

On April 19, 2012, petitioner filed an application for a writ of habeas corpus in the Alexandria Circuit Court. Resp. Ex. D. The Court dismissed the petition as untimely on May 24, 2012. Resp. Ex. E.

On or about August 20, 2012, petitioner turned to the federal forum and filed this petition for relief under § 2254, raising the following claims:

    1.    He received ineffective assistance of counsel when his attorney failed to appeal the decision of the Court of Appeals to the Supreme Court of Virginia.

    2.    He received ineffective assistance of counsel when his attorney failed to communicate with him, failed to obtain replacement counsel, and ceased to practice law.

    3.    His attorney rendered ineffective assistance by failing

2

to assist him in moving for a delayed appeal.

## II. The Petition is Time-Barred

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, petitioner's convictions were affirmed by the Court of Appeals of Virginia on July 14, 2009. Sears, R. No. 1192-08-4, supra. Because that judgment was not appealed to the Supreme Court of Virginia, the convictions became final on August 13, 2009, when the thirty-day appeal period expired. See Va. Sup. Ct. R. 5A:6(a).

In calculating the AEDPA limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence his first postconviction proceeding until October 5, 2011, when he filed a motion for a delayed appeal in the Supreme Court of Virginia. Since by then over two years had elapsed since the convictions became final, the pendency of a state action could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period,

3

because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Moreover, after the Supreme Court of Virginia denied the application for a belated appeal on November 22, 2011, another nine months passed before this federal petition was filed on August 20, 2012. Since over thirty-three (33) months of untolled time elapsed from the date the convictions at issue became final until this federal proceeding was filed, this petition is untimely.

### III. Equitable Tolling Does Not Apply

In petitioner's Brief in ... Reply to Respondent's Motion to Dismiss, he argues that the untimeliness of the petition was caused when his court-appointed attorney abandoned him during direct appeal, and therefore should be excused. While petitioner does not use the term, in effect he argues that the limitations period should be equitably tolled. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances

> where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Exhibits supplied by petitioner in this case reveal the following sequence of material events. On October 6, 2009, petitioner addressed a letter to the Court of Appeals of Virginia to request a copy of his "petition or brief" because he had "not yet heard from [his] attorney and [his] mother ha[d] called and called." Pet. Aff. Ex. 1. Petitioner explained that he had written to counsel on August 5, 2009 and had contacted the Virginia State Bar, but that the internet still showed that no appeal had been filed. Id.

In a letter dated October 30, 2009, counsel for the Virginia State Bar informed petitioner's counsel, Thomas Cullen, Esquire, that he "must communicate with Mr. Sears regarding his appeal." Pet. Aff. Ex. 3. On December 1, 2009, counsel for the Bar informed petitioner that a preliminary investigation of his complaint regarding Mr. Cullen would be conducted. Pet. Aff. Ex. 4.

By letter dated January 14, 2010, Mr. Cullen informed petitioner that the Court of Appeals had rejected petitioner's claim on direct appeal that the evidence was insufficient to sustain his convictions. Pet. Brief, Ex. 1. Counsel stated, "I am attaching a preacipe [sic] praying the Circuit Court to appoint new counsel to assist you in any further appeal. I think that this is required based upon the Court of Appeal's decision." Id.

5

By letter dated July 18, 2011, the Clerk of the Alexandria Circuit Court informed petitioner that Mr. Cullen was no longer practicing law and had moved out of the country. The Clerk enclosed a copy of the last order entered in petitioner's cases, and informed petitioner that nothing was pending in either action. Pet. Brief, Ex. 2.

By Order entered December 23, 2011, the Alexandria Circuit Court appointed Frank Aschmann, Esquire to represent petitioner. Pet. Brief, Ex. 3.

On June 18, 2011, petitioner addressed a letter to the Clerk of the Alexandria Circuit Court requesting a copy of the praecipe Mr. Cullen filed "in November 2009 or at any time." Pet. Brief, Ex. 4. He was informed by return letter dated June 28, 2012 that "Thomas Cullen did not file any paperwork regarding his motion to withdraw as counsel. The Court appointed you counsel after he left the country." Pet. Brief, Ex. 5.

When viewed in the context of the foregoing sequence of events, petitioner's claim of entitlement to equitable tolling is unpersuasive. It has long been held in this and other circuits that error by counsel is an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations.").

In a concurring opinion in Holland, Justice Alito noted that the Court's prior cases make

it "abundantly clear" that attorney negligence, even gross attorney negligence, is an insufficiently extraordinary circumstance to warrant equitable tolling. 130 S.Ct. at 2566, citing Lawrence v. Florida, 549 U.S. 327 (2007); Coleman v. Thompson, 501 U.S. 722 (1991). On the other hand, "the AEDPA statute of limitations may be tolled if the missed deadline results from attorney misconduct that is not constructively attributable to the petitioner." Id. at 2568. Noting that counsel's near-total failure to communicate with Holland essentially had amounted to Holland's "abandonment" by counsel, Justice Alito concluded that "[i]f true, petitioner's allegations would suffice to establish extraordinary circumstances beyond his control. Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." Id. at 2568.

The attorney abandonment exception to the general rule identified by Justice Alito in Holland does not apply in this case. As noted above, the deadline for a timely appeal of the Court of Appeals' decision to the Supreme Court of Virginia was August 13, 2009. While it is true that attorney Cullen missed that deadline, petitioner's exhibits demonstrate that he was aware that the appeal had not been filed while ample time remained for him to secure a delayed appeal, but he failed to act. In Virginia, a motion for a delayed appeal in a criminal case is permitted to be filed with the Supreme Court of Virginia up to the later of six months after the appeal has been dismissed or the Court of Appeals' judgment sought to be appealed has become final. Va. Code Ann. § 19.2-321.2. Since the Court of Appeals' judgment became final in this case on August 13, 2009, a belated appeal could have been secured pursuant to that provision until February 13, 2010. In addition, a Virginia defendant can seek a delayed appeal in a petition for a writ of habeas corpus pursuant to Virginia Code § 8.01-654(A)(2), which provides in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal in state court has expired, whichever is later.

Under this provision, petitioner could have filed a timely request for a delayed appeal until August 12, 2010, one year after the final disposition of his direct appeal.

Petitioner's exhibits reveal that by October 6, 2009, he knew that no appeal to the Supreme Court of Virginia had been filed. Pet. Aff. Ex. 1. On January 14, 2010, Mr. Cullen stated in his letter to petitioner that the appeal to the Court of Appeals had been unsuccessful and that he was taking steps to have new counsel appointed to assist petitioner in a further appeal. Pet. Brief Ex. 1. Petitioner thus knew by January, 2010 both that Mr. Cullen was no longer acting on his behalf and that no appeal to the Supreme Court of Virginia had been perfected, the two circumstances that comprise the factual predicate of his present federal claims. Cf. § 2244(d)(1)(D). Two viable options were available to him: he could have moved for a delayed appeal pursuant to Va. Code Ann. § 19.2-321.2 until February 13, 2010, and thereafter he could have sought a delayed appeal through a habeas corpus petition until August 12, 2010. He did neither, and allowed over a year to pass before he moved the Supreme Court of Virginia for a delayed appeal on October 5, 2011. Contrary to the situation described by Justice Alito in Holland, the circumstances giving rise to the untimeliness of this petition were within petitioner's control, and his own lack of diligence resulted in the untimeliness of this federal action. Consequently, equitable tolling does not apply, Spencer, 239 F.3d at 630, and the petition is time-barred. Respondent's alternate argument that the claims raised are procedurally defaulted accordingly need not be addressed.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice as time-barred. An appropriate Order shall issue.

Entered this 6th day of May 2013.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge